DISTRICT OF NEW JERSEY
UNITED STATES BANKRUPTCY COURT

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Janelly Landa, Esq. (ID #168652016)
SCHILLER, KNAPP,
LEFKOWITZ & HERTZEL, LLP
A LLP Formed in the State of New York
30 Montgomery Street, Suite 1205
Jersey City, New Jersey 07302
(518) 786-9069
Attorneys for Creditor, TD Auto Finance LLC

In Re:

    SHARON K. EDDY,

            Debtor.

Case No.: 18-19684-JNP

Hearing Date: February 25, 2020

Judge: Hon. Jerrold N. Poslusny

Chapter: 13

## CERTIFICATION IN SUPPORT
## OF MOTION FOR RELIEF FROM AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. SECTION 362(d)(1)

TD Auto Finance LLC, a secured creditor in the above-captioned bankruptcy case, by its counsel, SCHILLER, KNAPP, LEFKOWITZ & HERTZEL, LLP, as and for a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362(d)(1), or, in the alternative, for adequate protection, states the following as grounds therefor:

I, JANELLY LANDA, ESQ., am an attorney with the law firm of Schiller, Knapp, Lefkowitz & Hertzel, LLP, attorneys for TD Auto Finance LLC is a foreign corporation, duly authorized to do business in the State of New Jersey. I am familiar with the facts and circumstances set forth in this Certification by review of the account statements provided by TD Auto Finance LLC. I certify under penalty of perjury that the following facts are true and correct:

1.       On May 11, 2018, the debtor, above-named, filed a Voluntary Petition in Bankruptcy under Title 11, Chapter 13, U.S.C., in the United States Bankruptcy Court for the District of New Jersey.

2.       The Court has jurisdiction to entertain this motion under 28 U.S.C. §157.

3.       TD Auto Finance LLC (hereinafter "TDAF") is a secured creditor herein and the holder of a duly perfected purchase money security interest in one (1) 2014 Hyundai Tucson (V.I.N. KMBJUCAG1EU880336) (hereinafter "collateral") owned by, and upon information and belief, in the possession and control of the debtor, above-named. Pursuant to 11 U.S.C. §362, upon the commencement of the instant bankruptcy case, TDAF is stayed from taking any action against the debtor to obtain possession of and sell the collateral.

4.       On August 19, 2017, the debtor, Sharon K. Eddy, entered into a Retail Installment Contract (hereinafter "Contract") with Burns Buick-GMC, Inc. (hereinafter "dealer") for the purchase of the collateral and loan of monies in the amount of $23,018.91 to be paid with 6.90% interest thereon over a seventy-five (75) month term. Pursuant to the terms and conditions of the Contract, the dealer was granted a purchase money security interest in the collateral to secure the loan. Thereafter, the Contract, pursuant to its terms, was duly assigned by the dealer to TDAF for good and valuable consideration. TDAF is now the holder and owner of said Contract. A copy of the Contract and evidence of the recorded lien are collectively annexed hereto and referred to as Exhibit "A" and made a part hereof.

5.       Upon information and belief, the debtor continues to enjoy the use and possession of the collateral.

6.       As of January 30, 2020, the debtor was in default of her payment obligations to TDAF pursuant to the terms and conditions of the Contract as follows:

      a.  Net balance due:                $16,510.91

b. The contractual monthly payment is $379.78.

c. Post-petition contractual arrears: monthly payments for October, 2019 through January, 2020, together with applicable late charges.

d. Total post-petition arrears:                          $1,396.15

7.      TDAF requests an award of reasonable costs and attorney's fees pursuant to the terms of the underlying Contract as may be allowed by the Court.

8.      TDAF has ascertained that the wholesale value of its security is SEVEN THOUSAND THREE HUNDRED FIFTY DOLLARS AND NO CENTS ($7,350.00) based on NADA Used Car Guide's estimated value of the collateral in average condition.  The relevant NADA Guide page is annexed hereto and referred to as Exhibit "B" and made a part hereof.

9.      11 U.S.C. §362(d) provides for circumstances under which the Court may terminate, annul, modify, or condition the automatic stay.  Specifically, 11 U.S.C. §362(d)(1) and (2), provide:

"(d)    On request of a party in interest and after a notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2)     with respect to a stay of an act against property under subsection (a) of this section, if –

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization."

10.     Debtor's failure to make payments is a default under the Contract constituting cause for termination of the stay to allow the creditor to protect its interests in the property, which is depreciating.

11.     It is respectfully asserted that TDAF's interest in the collateral will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Sufficient cause exists to grant TDAF relief from the automatic stay which includes the following:

   a. The debtor is in default under the terms and conditions of the Contract.

   b. The security interest of TDAF with respect to the collateral is not adequately protected as envisioned under 11 U.S.C. §361.

13. In the event relief from stay is granted, then TDAF shall provide surplus monies to the trustee or debtor in possession.

14. Alternatively, in the event relief from automatic stay is not granted, then TDAF respectfully requests that the Court compel the debtor to provide adequate protection to TDAF by (a) curing any default of payment obligations arising pursuant to the terms and conditions of the Contract; (b) awarding reasonable costs and attorneys' fees pursuant to the terms of the Contract; (c) continuing to make payment in timely fashion thereunder; (d) maintaining adequate and continuous insurance coverage on the collateral; and (e) providing such other adequate protection as the Court may deem proper.

15. In the event this request for adequate protection is granted, then TDAF respectfully requests that it be entitled to the immediate possession of the collateral without further Court proceedings in the event of default by the debtor under any provisions for adequate protection which may be awarded herein.

16. No prior application for the relief requested herein has been made.

WHEREFORE, TD Auto Finance LLC respectfully requests that pursuant to 11 U.S.C. §362 the Court issue an Order granting TDAF relief from automatic stay in order to obtain possession and dispose

of its collateral and allowing that surplus monies be directed to the trustee or debtor in possession, or, in the alternative, (b) directing the debtor to provide for the adequate protection of the security interest of TDAF as hereinabove requested, and for such other and further relief as to the Court may seem just and proper.

DATED:     January 30, 2020

TD AUTO FINANCE LLC

By Its Counsel

Janelly Landa, Esq. ID #168652016
SCHILLER, KNAPP,
LEFKOWITZ & HERTZEL, LLP
30 Montgomery Street, Suite 1205
Jersey City, New Jersey 07302
Tel (518) 786-9069
E-Mail: JLanda@schillerknapp.com